**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ORBIN OMAR URREA-CALDERON     *

    Petitioner,     *

v.     *     **Civ. No. DLB-25-3549**

KRISTI NOEM, *et al.*,     *

    Respondents.     *

**ORDER**

On October 28, 2025, Orbin Omar Urrea-Calderon filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF 1. On October 30, 2025, the respondents filed a motion to dismiss for lack of subject-matter jurisdiction or alternatively to transfer. ECF 8. They argue that the Court lacks jurisdiction because Urrea-Calderon was transferred out of Baltimore on October 27, such that he was not physically confined within the District of Maryland when he filed his petition the next day. ECF 8-1, at 1. They also argue that, because the Court lacked jurisdiction, the Amended Standing Order 2025-01, ECF 2, was improvidently entered. *Id.* Orbin Omar Urrea-Calderon filed a response, admitting that he was not physically confined in this district when he filed his petition yet opposing dismissal unless the Court lacks subject-matter jurisdiction, in which case the petitioner consents to transfer. ECF 10. The parties agree that Urrea-Calderon is now in El Paso, Texas, which is in the Western District of Texas.

**I.      Standard of Review**

The Federal Rules of Civil Procedure apply to habeas corpus proceedings as long as they are not inconsistent with statutes or the Rules Governing Section 2254 Cases. Rule 12, *Rules Governing § 2254 Cases in the U.S. Dist. Cts.*; *see also* Rule 1(b), *Rules Governing § 2254 Cases*

*in the U.S. Dist. Cts.* (section 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254).

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1) raises the question of whether the Court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "Federal courts are courts of limited jurisdiction[,]" possessing "only that power authorized by Constitution and statute." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). The petitioner, as the party asserting jurisdiction, bears the burden of establishing it. *Id.*

A party may challenge subject-matter jurisdiction in two ways: a facial challenge, asserting that the complaint or petition fails to allege facts upon which jurisdiction can be based, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). On a factual challenge, if the contested "jurisdictional facts are intertwined with the facts central to the merits of the dispute," a court "should ordinarily assume jurisdiction and proceed to the intertwined merits issue." *Kerns*, 585 F.3d at 193. But where, as here, the jurisdictional facts are not intertwined with facts central to the merits, the court "may then go beyond the allegations of the complaint [or petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits," without converting the motion into one for summary judgment. *United States ex rel. Vuyyuru*, 555 F.3d at 348 (citing *Adams*, 697 F.2d at 1219); *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (on a factual challenge to subject matter jurisdiction, the court "may regard the pleadings as mere evidence on

the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

## II.    Discussion

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Thus, generally, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see United States v. Poole*, 531 F.3d 263, 273 (4th Cir. 2008) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (quoting *Padilla*, 542 U.S. at 447)); *Suri v. Trump*, 785 F. Supp. 3d 128, 137–38 (E.D. Va. 2025) ("[To determine jurisdiction], courts look to the place where the petitioner was confined when the petition was filed."). If a court determines it lacks jurisdiction over a § 2241 petition, it must dismiss the petition or "transfer the application for hearing and determination to the district court having jurisdiction to entertain it." 28 U.S.C. § 2241(b).

When a detainee's location is unknown at the time a habeas petition is filed, "it is impossible to apply the . . . district of confinement rule[]." *Padilla*, 542 U.S. at 450 n.18. Therefore, "[a]n exception to the district of confinement rule must apply when, after reasonably diligent effort, the district in which the petitioner was confined could not have been determined." *Suri*, 785 F. Supp. 3d at 143–44. "[H]abeas jurisdictional rules must be based on discoverable facts regarding where a petitioner was and who was confining him." *Id.*

Urrea-Calderon was not confined in Maryland when he filed his petition, but where he was confined is less clear. He "was booked out of ICE detention in Baltimore, Maryland, at 6:03 p.m. on October 27, 2025." ECF 8-3, ¶ 9 (Burki decl.); *see* ECF 8-2 (detention details). From there, he

"was transferred to the Alexandria Staging Facility, Oakdale, Louisiana," booked in at 6:37 p.m. on October 27, and booked out at 3:40 p.m. on October 28. ECF 8-3, ¶ 9. He was "booked into the East Montana, El Paso, Texas Detention Facility on October 28, 2025, at 11:25 p.m." ECF 8-3, ¶ 9. He filed his petition at 9:41 p.m. on October 28, while he was in transit from Louisiana to Texas.

The respondents argue that the Western District of Texas, where Urrea-Calderon presently is detained, is the proper jurisdiction. The petitioner does not disagree. His counsel argues:

> At the time Petitioner's undersigned counsel prepared and filed the habeas corpus petition, Petitioner's last known place of detention was in Baltimore, Maryland. It was not until today, October 30, 2025, that Petitioner's undersigned counsel learned that Petitioner had already been transferred to a facility in Texas at the time of the filing of the habeas corpus petition.

ECF 10, at 2. Although the petitioner has the burden of establishing jurisdiction, counsel does not state the efforts he made to ascertain his client's location at the time he filed the petition. Nor does he state that he could not have determined his client's location. The respondents offer evidence that ICE detainees are expeditiously removed from Maryland because, "pursuant to the Dignity not Detention Act which was passed by the Maryland Legislature in 2021 and became effective October 1, 2022, no county or municipality in the State of Maryland may house ICE detainees." ECF 8-3, ¶ 10. Thus, the respondents do not appear to have been forum shopping when they removed Urrea-Calderon from Maryland and brought him to Texas. *Cf. Suri*, 785 F. Supp. 3d at 148 (finding that "jurisdiction should lie in the district from which Petitioner was removed—the Eastern District of Virginia" in light of "Respondents' myriad contradictory explanations [for transfer to Texas] combined with the inability for Petitioner's exceptionally diligent counsel to keep up with Petitioner's abnormal and rapid movement across state lines," the combination of which "demand[ed] more flexible jurisdictional rules"). It is undisputed that Urrea-Calderon left

4

Maryland more than 24 hours before he filed his petition, and the parties agree that the Western District of Texas has jurisdiction.

Accordingly, it is this 3rd day of November, 2025, hereby ORDERED

1. The motion to transfer, ECF 8, IS GRANTED;

2. The motion to dismiss, ECF 8, IS DENIED as moot;

3. The Amended Standing Order 2025-01 entered in this case (ECF 2) IS VACATED;

4. This petition IS TRANSFERRED to the Western District of Texas; and

5. The Clerk SHALL CLOSE this case.

Deborah L. Boardman
United States District Judge

5